IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,         ) | |
|                                                              ) | |
|              Plaintiff,                         ) | |
|                                                              ) | |
|     v.                                              ) | Case No. 03-CR-20004 |
|                                                              ) | |
| SEMAJI WARREN,                       ) | |
|                                                              ) | |
|              Defendant.                      ) | |

## ORDER AND OPINION

This matter is now before the Court on Defendant Warren's Motions for Compassionate Release (D. 256, 263) and the Government's Response (D. 264). For the reasons set forth below, Defendant's Motions are DENIED.

## BACKGROUND

On April 4, 2003, the Defendant was charged in a superseding indictment with three counts of interference with commerce by threats or violence, in violation of 18 U.S.C. §§ 1951 & 2, (Counts 1, 3, & 5); three counts of carrying a firearm in furtherance of a violent crime, in violation 18 U.S.C. § 924(c), (Counts 2, 4, & 6); and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g), (Count 7). (D. 10). On February 26, 2004, a jury found the Defendant guilty as to all seven counts. d/e 02/26/2004. On March 9, 2005, the Defendant was sentenced to 600 months of imprisonment consisting of: ninety-two months on each of Counts 1, 3, 5, and 7, to be served concurrently, followed by eighty-four months on Count 2, to run consecutively to imprisonment on Counts 1, 3, 5, and 7, followed by 300 months on Count 4 and 124 months on Count 6, to run consecutively to each other and consecutive to imprisonment on Count 2. d/e 03/09/2005. (D. 185). Defendant was further ordered to serve five years supervised

upon release under special conditions. *Id.* Defendant's scheduled release date from the Bureau of Prisons ("BOP") is February 1, 2046. (D. 260 at ¶3).

On February 19, 2021, Defendant filed a *pro se* Motion for Compassionate Release. (D. 256). On April 12, 2021, Defendant's Federal Public Defender filed an Amended Motion for Compassionate Release ("Amended Motion") on his behalf. (D. 263). On April 26, 2021, the Government filed a response in opposition. (D. 264). This Order follows.

## LEGAL STANDARD

Section 3582(c)(1) establishes a default rule that a district court "may not modify a term of imprisonment once it has been imposed," with a few limited exceptions. 18 U.S.C. § 3582(c)(1). At issue here is the "compassionate release" provision, which authorizes a sentence reduction if the court finds "extraordinary and compelling circumstances warrant such a reduction." § 3582(c)(1)(A). The First Step Act of 2018 amended the statute to allow the court to adjudicate a motion directly from the defendant, but the defendant must first present his request for compassionate release to the warden. *Id.* The statute uses mandatory language:

> the court "*may not* modify a term of imprisonment" on the defendant's own motion (as opposed to one from the BOP) until "after the defendant has fully exhausted all administrative rights to appeal" from the warden's denial of his request or "the lapse of 30 days from the receipt of such a request by the warden, whichever is earlier." § 3582(c)(1)(A). This is the language of "a paradigmatic mandatory claim-processing rule." *Franco,* 973 F.3d at 468.

*United States v. Sanford,* 986 F.3d 779, 782 (7th Cir. 2021). "If properly invoked, mandatory claim-processing rules must be enforced…." *Id.* (internal citations omitted).

## DISCUSSION

The Government's Response properly invoked Defendant's failure to comply with § 3582(c)(1)(A)'s exhaustion requirement. (D. 264 at pp. 4-5). Defendant's Amended Motion concedes that he did not exhaust administrative remedies prior to filing his *pro se* Motion for

Compassionate Release. (D. 263 at p. 3). After speaking with his attorney, the Defendant claims that he submitted a compassionate release request to the Warden of FCI Tucson on or about March 3, 2021, and no response was received before he filed his Amended Motion on April 12, 2021. *Id.* Therefore, the Defendant believes this Court should address this case on the merits.

The Government denies Defendant exhausted administrative remedies, stating that the BOP advised the Government that the Defendant had not submitted a request for compassionate release. (D. 264 at p. 5). Other than what the Defendant told his attorney, no evidence has been submitted to this Court showing Defendant did in fact submit a request to the Warden at FCI Tucson. As a result, this Court finds that Defendant has failed to establish that he properly exhausted administrative remedies prior to filing his Motions for Compassionate Release. *See Sanford*, 986 F.3d at 782; *United States v. Williams*, 987 F.3d 700 at 702-03 (7th Cir. 2020).

## CONCLUSION

For the reasons stated above, Defendant's Motions for Compassionate Release [256], [263] are DENIED WITHOUT PREJUDICE.

ENTERED this 30th day of April, 2021.

s/ Michael M. Mihm
Michael M. Mihm
United States District Court Judge
