E-FILED
Friday, 13 August, 2021  11:17:39 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 03-CR-20004** |
| | ) | |
| **SEMAJI WARREN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER AND OPINION**

This matter is now before the Court on Defendant Warren's Motion to Reconsider Ruling on the Amended Motion for Compassionate Release. (D. 267). On April 30, 2021, this Court denied without prejudice Defendant's [256] Motion for Compassionate Release and [263] Amended Motion for Compassionate Release due to Defendant's failure to exhaust administrative remedies. (D. 266). Defendant's Motion to Reconsideration Ruling on Amended Motion for Compassionate Release has attached a May 4, 2021, letter from the warden denying Defendant request for Compassionate Release/Sentence Reduction. (D. 267, p. 4). No response in opposition has been filed.

The Court finds Defendant has presented sufficient evidence that Defendant has exhausted administrative remedies and GRANTS Plaintiff's Motion to Reconsider Defendant's Amended Motion for Compassionate Release.  This matter is fully briefed and ripe for ruling on the merits. For the reasons set forth below, Defendant's Motions are DENIED.

**BACKGROUND**

On April 4, 2003, the Defendant was charged in a superseding indictment with three counts of interference with commerce by threats or violence, in violation of 18 U.S.C. §§ 1951 & 2,

(Counts 1, 3, & 5); three counts of carrying a firearm in furtherance of a violent crime, in violation 18 U.S.C. § 924(c), (Counts 2, 4, & 6); and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g), (Count 7). (D. 10). On February 26, 2004, a jury found the Defendant guilty as to all seven counts. d/e 02/26/2004. On March 9, 2005, the Defendant was sentenced to 600 months of imprisonment consisting of: ninety-two months on each of Counts 1, 3, 5, and 7, to be served concurrently, followed by eighty-four months on Count 2, to run consecutively to imprisonment on Counts 1, 3, 5, and 7, followed by 300 months on Count 4 and 124 months on Count 6, to run consecutively to each other and consecutive to imprisonment on Count 2. d/e 03/09/2005. (D. 185). Defendant was further ordered to serve five years supervised upon release under special conditions. *Id.* Defendant currently resides at Tucson FCI and his scheduled release date from the Bureau of Prisons ("BOP") is February 1, 2046. (D. 257) (D. 260, ¶3).

On February 19, 2021, Defendant filed a *pro se* Motion for Compassionate Release. (D. 256). On April 12, 2021, Defendant's Federal Public Defender filed an Amended Motion for Compassionate Release ("Amended Motion") on his behalf arguing only that the First Step Act removed the 25-year stacking provision for successive § 924(c) convictions, and if sentenced today he would receive a much lower sentence. (D. 263). On April 26, 2021, the Government filed a response in opposition. (D. 264). This Court entered an Order on April 30, 2021, denying Defendant's Motions for Compassionate Release without prejudice due to Defendant's failure to comply with 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement. d/e 04/30/2021. On June 21, 2021, Defendant filed a Motion to Reconsider Ruling on the Amended Motion for Compassionate Release, attaching a May 4, 2021, letter from the warden denying his request for Compassionate Release/Reduction in Sentence. (D. 267). This Order follows.

**LEGAL STANDARD**

Before filing a motion for compassionate release, a defendant is required to first request that the BOP file a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). A court may grant a motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

The compassionate release statute directs the Court to make three considerations: (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and (3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). The Sentencing Commission, however, has not updated its policy statements since the First Step Act came into effect. Prior to the passage of the First Step Act, federal judges were only able to release prisoners for compassionate release reasons upon motion by the BOP. *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020). In *Gunn*, the Seventh Circuit determined that the most recent policy statements from the Sentencing Commission do not apply to prisoner-initiated motions because the guidelines only address those motions that were brought pursuant to a BOP motion. *Id*. at 1180. Accordingly, the Seventh Circuit held that "because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement." *Id*. This Court is therefore not bound by the Sentencing Commission's analysis in § 1B1.13 or the application notes regarding the definition of "extraordinary and compelling reasons." *Id*. at 1181.

**DISCUSSION**

The discretionary authority conferred by § 3582(c)(1)(A), however, is not unlimited. The Seventh Circuit recently made clear that the change to § 924(c) statutory sentencing scheme does not constitute an "extraordinary and compelling" reason for a sentence reduction. *United States v. Thacker,* 2021 WL 2979530 at \*6 (7th Cir., July 15, 2021). When evaluating a motion for discretionary sentencing reduction based on "extraordinary and compelling" reasons under § 3582(c)(1)(A) in relation to § 924(c) sentences, the proper analysis includes two steps:

> At step one, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction, but that reason cannot include, whether alone or in combination with other factors, consideration of the First Step Act's amendment to § 924(c). Upon a finding that the prisoner has supplied such a reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner.

*Id.* In other words, absent some other independent "extraordinary and compelling" reason for a sentence reduction, such as extraordinary health circumstances involving terminal illness, this Court does not have the "authority to reduce a mandatory minimum sentence on the basis that the length of the sentence itself constitutes an extraordinary and compelling circumstance warranting a sentence reduction." *Id.* at \*4.

Defendant Amended Motion for Compassionate Release argues only that the First Step Act's amendment to § 924(c) which ended sentence "stacking" in a single prosecution would be illegal and Defendant would be subject to a much lower mandatory minimum sentence if sentenced today as basis for finding an "extraordinary and compelling" reason for a sentence reduction. (D. 267). No other "extraordinary or compelling" reason warranting a sentence reduction was provided in Defendant's Amended Motion for Compassionate Release. *Id.*

This Court does note Defendant's initial Motion for Compassionate Release identified several medical conditions such as asthma and sleep apnea, which he claims put him at an increased risk should he contract COVID-19, but that argument was not incorporated into Defendant's Amended Motion for Compassionate Release. (D. 256) (D. 263). Even if it had been, this Court does not find these health conditions, which are not supported by medical records, establish an "extraordinary and compelling" reason for release. Especially given Tucson FCI currently has zero positive cases among inmates and the availability of a vaccine. (*Federal Bureau of Prisons, COVID-19 Coronavirus,* https://www.bop.gov/coronavirus/ (last visited 08/10/2021)).

Absent some independent "extraordinary or compelling" reason, this Court does not have discretionary authority under § 3582(c)(1)(A) to reduce Defendant's sentence lawfully imposed before the effective date of the First Step Act's amendment to § 924(c). *See Thacker,* 2021 WL 2979530 at *6. Doing so would be directly at odds with Congress's express determination embodied in § 403(b) of the First Step Act that the amendment to § 924(c)'s sentencing structure applies only prospectively. *Id.* at *3. It would also be contrary to the principal path prescribed by Congress for federal prisoners to challenge their sentence, as set forth in 28 U.S.C. § 2255, *et seq.* Here, Defendant was sentenced before December 21, 2018, and therefore, § 403 does not apply and Defendant's sentence remains intact.

## CONCLUSION

For the reasons set forth above, Defendant's Motions for Compassionate Release [256], [263] are DENIED.

ENTERED this 12th day of August, 2021.

s/ Michael M. Mihm
Michael M. Mihm
United States District Court Judge

5